IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS SUMMERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 3:20-cv-128 |
| ) | Judge Stephanie L. Haines |
| JAMES DRUG STORE OF ) | |
| MARTINSBURG, INC. and DONALD ) | |
| ANTHONY DELLA, a/k/a ANTHONY ) | |
| DELLA, ) | |
| | |
| Defendants. | |

## MEMORANDUM OPINION

On July 13, 2020, Plaintiff commenced this matter by filing a complaint (ECF No. 1) alleging Defendants violated the Fair Labor Standards Act ("FLSA"), Pennsylvania's Minimum Wage Act ("PMWA"), Pennsylvania's Wage Payment and Collection Law ("PWPCL"), and retaliated against Plaintiff in violation of the FLSA and PMWA. On September 1, 2020, Defendants filed an answer, affirmative defenses, and counterclaim to Plaintiff's complaint (ECF Nos. 5-6).[1] Pending before the Court is Plaintiff's motion to dismiss counterclaim under Rule 12(b)(6) and motion to strike scandalous matters under Rule 12(f) (ECF No. 9). In that motion, and the brief filed in support thereof (ECF No. 12), Plaintiff moves the Court to dismiss Defendants' counterclaims and strike the allegedly scandalous matters set forth in the Defendants' affirmative defenses. Within the brief in support of his motion, Plaintiff also seeks sanctions against Defendants based on an alleged violation of Pennsylvania's Rules of Professional Conduct (ECF No. 12 at pp. 3-4). For the foregoing reasons, Plaintiff's motion will be granted in part and

---

[1] Defendants appear to have filed duplicate documents at ECF Nos. 5 and 6.

1

denied in part.

## I. Legal Standard

To survive a motion to dismiss, a pleading must set forth "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint, or Defendants' counterclaims in this case, must take three steps. First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679; *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (internal citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. At the final step, the court is to assume all well-pled allegations to be true, construe those allegations in the light most favorable to the pleading party, draw all reasonable inferences from them in favor of the pleading party, and ask whether they "raise a reasonable expectation that discovery will reveal evidence" to support the legal claim being asserted. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 791 (3d Cir. 2016).

Plaintiff also seeks relief pursuant to Fed. R. Civ. P. 12(f) to strike certain of the Defendants' affirmative defenses as scandalous matter. Rule 12(f) provides that the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or

scandalous matter, either on its own or upon motion made by either party in response to the pleading or, if a response is not allowed, within 21 days after being served with the pleading. "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *McInerney v. Moyer Lumber & Hardware, Inc.*, 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002). "Relief under Federal Rule of Civil Procedure 12(f) is generally disfavored and will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case." *Fiorentino v. Cabot Oil & Gas Corp.*, 750 F. Supp. 2d 506, 509 (M.D. Pa. 2010) (internal quotation marks omitted).

## II. Motion to Dismiss Counterclaims Pursuant to 12(b)(6)

Plaintiff appears to allege that Defendants' counterclaims are subject to dismissal under Rule 12(b)(6) because they amount to a restatement of Defendants' affirmative defenses (ECF No. 12 at p. 5). While this may be true, the Court finds that Defendants have failed to plead factual allegations to support their claims of common law fraud, champerty, and extortion. Defendants' counterclaims appear to be based on Defendants' February 12, 2020 offer of salaried employment to Plaintiff (Exhibit "A" to ECF Nos. 5-6), Plaintiff's February 18, 2020 resignation letter (Exhibit "B" to ECF Nos. 5-6), and Plaintiff's attorney's settlement demands in pre-litigation correspondence to Defendants' attorney (Exhibit "C" and Exhibit "E" to ECF Nos. 5-6). Defendants' response to the motion to dismiss (ECF No. 13 at p. 2) further explains the counterclaims as follows:

> "…an employee falsely asserting a constructive discharge and using the cudgel provided by those statutes [FLSA and PMWA] which assess their attorney's fees against a losing defendant employer may engage in conduct so egregious that it constitutes common law fraud, extortion and champerty…"

Defendants' counterclaims assert damages of lost time and efforts, emotional distress, attorneys'

fees and costs of litigation.

As to the allegations of fraud in the counterclaims, Fed. R. Civ. P. Rule 9(b) requires particularity when pleading fraud. Rule 9(b) provides, in part, that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "The elements of fraud in Pennsylvania are: (1) a material misrepresentation of fact, (2) which is false, and (3) made with knowledge of its falsity, (4) which is intended to induce the receiver to act, and (5) upon which a party justifiably relies." *Michael v. Shiley, Inc.*, 46 F.3d 1316, 1333 (3d Cir. 1995). It is further well-established in Pennsylvania that:

> "[F]raud consists of anything calculated to deceive, whether by single act or combination, or by suppression of truth, or suggestion of what is false, whether it be by direct falsehood or innuendo, by speech or silence, word of mouth, or look or gesture. We have held that 'fraud is composed of a misrepresentation fraudulently uttered with the intent to induce the action undertaken in reliance upon it, to the damage of its victim.' The concealment of a material fact can amount to a culpable misrepresentation no less than does an intentional false statement."

*Id.* (quoting *Moser v. DeSetta*, 527 Pa. 157, 589 A.2d 679, 682 (Pa. 1991) (other citations omitted)); *see also Bortz v. Noon*, 556 Pa. 489, 729 A.2d 555, 560 (Pa. 1999).

Defendants do not identify any of the elements of their fraud claims, let alone facts in support of these elements. Defendants have not shown that Plaintiff's statements in the exhibits to the counterclaims, or even the counterclaims' characterization of Plaintiff's statements, were calculated to deceive Defendants. It does not appear that Defendants are asserting Plaintiff's claim for overpay is a false representation. Indeed, Defendants appear to acknowledge that such a claim is validly at issue, stating "Plaintiff may well prove to the satisfaction of a trial court and jury that some overtime is due from Defendants…" (ECF No. 13 at p. 3). Assuming Defendants are attempting to plead that Plaintiff's reference in pre-litigation correspondence to constructive discharge was a false representation, Defendants have not pleaded how they believed this

4

statement to be true or relied on that statement in any way. Defendants' counterclaim of fraud fails to state a claim upon which relief could be granted.

Under Pennsylvania's champerty doctrine, "an arrangement offends public policy against champerty and is illegal if it provides for the institution of litigation by and at the expense of a person who, but for that agreement, has no interest in it, with the understanding that his reward is to be a share of whatever proceeds the litigation may yield." *Riffin v. CONRAIL*, 783 F. App'x 246, 248 (3d Cir. 2019) (internal citation omitted). Defendants' counterclaims also do not set forth any facts as to the elements of champerty. Insofar as Defendants are suggesting that statutorily created fee shifting provisions constitute and/or enable champerty, Defendants have cited absolutely no authority for such a proposition. There is nothing of record to suggest that Plaintiff's attorney's settlement demands in pre-litigation correspondence to Defendants' attorney were anything more than an attempt to negotiate a pre-litigation settlement of this matter.

As to the allegations of extortion, Defendants' brief in response appears to suggest that Plaintiff's counsel's reference to the fee shifting provisions under the FLSA and PMWA amount to terroristic threats and/or extortion (ECF No. 13 at p. 5). Under Pennsylvania law, a person is guilty of a misdemeanor of the first degree if he threatens to commit any crime of violence with intent to terrorize another or to cause evacuation of a building, place of assembly, or facility of public transportation, or otherwise to cause serious public inconvenience, or in reckless disregard of the risk of causing such terror or inconvenience. 18 Pa. C.S. § 2706. The Hobbs Act, 18 U.S.C. § 1951, defines "extortion" as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." 18 U.S.C. § 1951(b)(2). Defendants do not allege any facts to show that the pre-litigation correspondence between attorneys constituted terroristic threats under Pennsylvania common law,

nor any facts that would satisfy the elements of the Hobbs Act.

Based on the foregoing, Defendants' counterclaims will be dismissed for failure to state a claim on which relief can be granted under Rule 12(b)(6). Plaintiff requests that the counterclaims should be stricken and that Defendants shall have twenty (20) days within which to file an amended counterclaim, if any (ECF No. 9-2). Accordingly, such dismissal shall be without prejudice, but Defendants are reminded that, under Fed. R. Civ. P. 11, any amended counterclaims must be warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

### III. Motion to Strike Pursuant to Rule 12(f)

As a preliminary issue, it is not clear if Plaintiff is seeking the Court to strike the eighth affirmative defense, the ninth affirmative defense, or both. Plaintiff's motion requests that the Court strike the scandalous matters set forth in Defendants' ninth affirmative defense (ECF No. 9). Plaintiff's brief in support of his motion (ECF No. 12 at p. 3), as well as the proposed order to the motion (ECF No. 9-2), request the Court to strike the scandalous matter in the eighth affirmative defense. As it is unclear from the filings, the Court will address both defenses herein.

As to the eighth affirmative defense, Plaintiff specifically moves to strike the second from last sentence from the eighth affirmative defense, which states:

> "Plaintiff's complaint should be dismissed because it amounts to an abuse of process under 42 Pa. C. S. §8351 and a form of extortion, champerty, and fraud which should not be tolerated in this judicial forum or any other."

ECF Nos. 5-6 at p. 10.

As the Court has already ruled that Defendants' counterclaims are dismissed without prejudice, these references to fraud, champerty, and extortion claims have no relation to this controversy, confuse the issues in this case, and they should be stricken. Fed. R. Civ. P. 12(f).

6

Accordingly, the Court will grant Plaintiff's motion to strike these allegations from the eighth defense with leave for Defendants to file amended affirmative defenses.

Insofar as Plaintiff intended to move for the Court to strike the ninth defense, this relief is denied without prejudice. Defendants' ninth affirmative defense asserts a claim for attorneys' fees and costs of litigation. The Court notes that Defendants state in more than one instance in these filings that the FLSA and PMWA do not provide for an employer who prevails in litigation brought under those statutes to obtain payment of its attorneys' fees against the employee plaintiff (ECF No. 13 at p. 2; ECF No. 13-1 at p. 5).

However, regardless of the availability of fees, it is premature to strike this affirmative defense. Fed. R. Civ. P. 54(d)(1) states that, "unless a federal statute, these rules, or a court order provides otherwise, costs - other than attorney's fees - should be allowed to the *prevailing party*...." (emphasis added). Additionally, Fed. R. Civ. P. 54(d)(2) states that a claim for attorneys' fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages. In this case, Defendants have not "prevailed" and there is no pending motion for attorneys' fees. The issue of attorneys' fees is not yet ripe for adjudication, and this Court declines to render an advisory opinion opining on the issue.

### IV. Request for Sanctions

Plaintiff characterizes the allegations of fraud, champerty, and extortion as a "malicious ad hominem" attack on Plaintiff's credibility and, though referenced nowhere in the pending motion to dismiss/strike, his brief in support of that motion requests sanctions against Defendants' counsel based on an alleged violation of the Rules of Professional Conduct, specifically Rules 3.1 and 3.3 (ECF No. 12 at pp. 3-4).

Plaintiff's request for sanctions does not comply with the procedure for requesting sanctions set forth in Fed. R. Civ. P. 11(c)(2). That section provides as follows:

> (2) *Motion for Sanctions.* A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Plaintiff's request for sanctions within the body of his brief does not comply with Rule 11's requirement that a motion for sanctions be made "separately from any other motion."

Regardless of this deficiency, as the allegations in Defendants' counterclaim are being dismissed and the statements in the affirmative defenses relating to fraud, champerty, and extortion are being stricken, the Court does not find it appropriate to take further evidence on this issue and will decline to impose sanctions at this time.

### V. Conclusion

Based on the foregoing, the Court will dismiss Defendants' counterclaims without prejudice and strike the second to last sentence in Defendants' eighth affirmative defense. Defendants have twenty (20) days to file amended affirmative defenses and counterclaims, if any. All further relief is denied without prejudice.

An appropriate order will follow.

Stephanie L. Haines
United States District Judge

cc/ecf: All counsel of record

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS SUMMERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 3:20-cv-128 |
| ) | Judge Stephanie L. Haines |
| JAMES DRUG STORE OF ) | |
| MARTINSBURG, INC. and DONALD ) | |
| ANTHONY DELLA, a/k/a ANTHONY ) | |
| DELLA, ) | |
| Defendants. | |

## ORDER

AND NOW, on this 11th day of January, 2021, upon review of Plaintiff's motion to dismiss counterclaim under Rule 12(b)(6) and motion to strike scandalous matters under Rule 12(f) (ECF No. 9), Brief in Support thereof (ECF No. 12), Defendants' Response to Motion to Dismiss Counterclaim Under Rule 12(b)(6) and Motion to Strike Under Rule 12(f) (ECF No. 13), and the record, IT IS HEREBY ORDERED that said motion is GRANTED in part and DENIED in part as follows:

1) Plaintiff's motion to dismiss Defendants' counterclaims is GRANTED. The counterclaims are DISMISSED without prejudice, and Defendants have leave to file amended counterclaims, if any, within twenty (20) days;

2) Plaintiff's Motion to Strike is GRANTED in part. The second to last sentence of the eighth affirmative defense is hereby STRICKEN. Defendants shall have twenty (20) days to file amended affirmative defenses. Plaintiff's Motion to Strike Defendants' ninth affirmative defense is DENIED without prejudice as premature.

3) Plaintiff's request for sanctions is DENIED without prejudice.

*Stephanie L. Haines*
Stephanie L. Haines
United States District Judge

cc/ecf: All counsel of record